## CAMPBELL v. STATE. (No. 7198.)

(Court of Criminal Appeals of Texas. Oct. 18, 1922.)

Criminal law ⟜1131(1)—Appeal dismissed on appellant's application to withdraw appeal.

An appeal will be dismissed on application of appellant, supported by affidavit asking that he be allowed to withdraw appeal.

Appeal from District Court, Hunt County; George B. Hall, Judge.

Ray Campbell was convicted of burglary, and he appeals. Appeal dismissed on application of appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Hunt county of burglary, and his punishment fixed at two years in the penitentiary.

There appears in the record an application of the appellant, supported by his affidavit, asking that he be allowed to withdraw his appeal. The motion, being in regular form, is granted, and the appeal is accordingly dismissed.

## MOORE v. STATE. (No. 7160.)

(Court of Criminal Appeals of Texas. Oct. 18, 1922.)

1. Criminal law ⟜1090(16), 1097(6)—Motion for new trial not considered in absence of statement of facts and bill of exceptions.

Matters complained of upon motion for new trial cannot be considered on appeal in absence of statement of facts and bills of exception.

2. Criminal law ⟜1036(1), 1037(1), 1091(10) —Objections to evidence or argument must be made and preserved by bill of exceptions to be available.

Objection to evidence or argument of counsel or other rulings must be properly made and preserved in bills of exception in order to be available on appeal.

Appeal from District Court, Fannin County; R. T. Lipscomb, Special Judge.

J. E. Moore was convicted of burglary, and he appeals. Affirmed.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Fannin county of the offense of burglary, and his punishment fixed at 12 years in the penitentiary.

[1, 2] The record is before us without any statement of facts or bills of exception. The numerous matters raised by the motion for new trial are of such character as that they cannot be considered in the absence of a statement of facts and of bills of exception showing that the matters complained of were properly objected to at the time they transpired. It is of no avail to complain in the motion for new trial of the reception of evidence, or of the argument of counsel or ruling of the court upon any given matter, when the objection was not properly made at the time and preserved by a proper bill of exceptions. The indictment being in conformity with the law, and the charge of the court correctly presenting the law of said offense, the record is before us without error, and an affirmance is ordered.

## WRIGHT v. STATE. (No. 7229.)

(Court of Criminal Appeals of Texas. Oct. 18, 1922.)

Criminal law ⟜1090(1)—Record, containing neither bill of exceptions nor statement of facts, presents nothing for review.

Record, containing neither bill of exceptions nor statement of facts, presents nothing for review.

Appeal from Criminal District Court, Tarrant County; George E. Hosey, Judge.

T. A. Wright was convicted of theft and he appeals. Affirmed.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Conviction is for theft of property of the value of more than $50. Punishment, 10 years' confinement in the penitentiary.

The record is before us without either statement of facts or bills of exception. Without them nothing is presented for review.

The judgment is affirmed.

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes